# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| ROBERT CARTER and BOBBIE CARTER<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>PACIFIC UNION REAL ESTATE GROUP, LTD.; GMAC HOME SERVICES, LLC; GMAC REAL ESTATE; REAL LIVING; BROOKFIELD RESIDENTIAL PROPERTY SERVICES; BROOKFIELD ASSET MANAGEMENT, INC.; and DOES 1-50 inclusive,<br><br>　　　　　　Defendants._____/ | Case No. 12-2288 MEJ<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>**Re: Docket No. 6** |

Before the Court is Plaintiffs Robert Carter and Bobbie Carter's Motion to Remand. Dkt. No. 6. In the underlying lawsuit, the Plaintiffs obtained a $250,000 stipulated judgment against Defendant Pacific Union Real Estate Group ("Pacific Union") in San Francisco County Superior Court ("SFSC"). Dkt. No. 1, Compl. On April 5, 2012, having received no payment on the judgment from Pacific Union, Plaintiffs filed a Complaint in SFSC against Pacific Union, as well as other Defendants,[1] that sought to enforce the underlying judgment, asserting the following causes of action: (1) "Action on the Judgment"; (2) "Declaratory Relief"; (3) "Breach of Agreement to Pay Judgment"; (4) "Action for Return of Distributions to Shareholders of or [sic] Investors in Judgment Debtor"; and

---

[1] Besides Pacific Union, Plaintiffs named the following Defendants in their Complaint: GMAC Home Services, LLC, GMAC Real Estate, Real Living, Brookfield Residential Property Services, Brookfield Asset Management, Inc., and Does 1-50.

1  (5) "Fraudulent Transfer." Compl. On May 7, Defendants removed the action to this Court based on
2  diversity jurisdiction. Dkt. No. 1. Plaintiffs have now moved to remand this matter back to SFSC.[2]
3  Dkt. No. 6. In response to Plaintiffs' Motion, Defendants filed an Opposition on June 27. Dkt. No.
4  11. Plaintiffs then filed a Reply on July 3. Dkt. No. 14. On July 11, the Court requested Plaintiffs to
5  provide supplemental briefing to explain which claims in their Complaint were alleged specifically
6  against Pacific Union. Dkt. No. 16. Plaintiffs complied with the Court's instruction and filed
7  supplemental briefing on July 16. Dkt. No. 17. Having reviewed and considered the parties' briefs,
8  the Court hereby GRANTS Plaintiffs' Motion to Remand for the reasons below.

9  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the
10  district courts of the United States have original jurisdiction, may be removed by the defendant or
11  the defendants, to the district court of the United States for the district and division embracing the
12  place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original
13  jurisdiction over civil actions where the suit is between citizens of different states and the amount in
14  controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that
15  federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal
16  statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)
17  (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt
18  as to the right of removal in the first instance." *Id.* at 566. Further, a district court must remand the
19  case to state court if it appears at any time before final judgment that it lacks subject matter
20  jurisdiction. 28 U.S.C. § 1447(c).

21  In their Motion, Plaintiffs contend that this action should be remanded for lack of diversity

---

[2] Even though Plaintiffs filed their Motion to Remand more than 30 days after Defendants filed their Notice of Removal, this is permissible because they seek remand based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).") (emphasis added).

2

1 jurisdiction since Pacific Union and Plaintiffs are both California parties.[3] Plaintiffs argue that 2 Pacific Union is not a sham defendant since they have filed claims against Pacific Union and it is a 3 judgment debtor that has viable assets from which Plaintiffs could collect. Defendants counter that 4 Plaintiffs have not only failed to state a viable claim against Pacific Union, but, even if they did, 5 Pacific Union should be disregarded for diversity purposes since it is a dissolved de facto 6 corporation. Defendants explain that Plaintiffs' first cause of action (seeking to amend and enforce 7 the judgment) only names Pacific Union in the heading and does not allege any claims against the 8 dissolved corporation in the actual body of the allegations. Even though Plaintiffs' third cause of 9 action (breach of agreement to pay judgment) specifically names Pacific Union in the body of the 10 allegations, it appears to only seek relief from Defendants' insurers and does not name Pacific Union 11 in the heading. And while Plaintiffs' fourth cause of action (seeking return of distributions) mentions 12 Pacific Union, the claim appears to only seek relief from other Defendants who previously obtained a 13 distribution of assets from Pacific Union.

14 Thus, the first issue that the Court addresses is whether Plaintiffs have actually stated a cause 15 of action against Pacific Union. The Court agrees with Defendants that Plaintiffs' Complaint lacks 16 clarity and is not artfully pled. Many of the asserted causes of action are not clear with respect to 17 which Defendants they apply, and Plaintiffs have failed to specifically address this lack of clarity in 18 their supplemental briefing. Nonetheless, having reviewed the Complaint and Plaintiffs' briefing, the 19 Court finds that the Complaint does assert at least one claim against Pacific Union. Pacific Union is 20 explicitly named in the heading of the first cause of action which seeks to enforce the underlying 21 judgment. Compl. at 3.[4] Even though Plaintiffs failed to specifically include Pacific Union in the list 22 of Defendants in paragraph 19, Plaintiffs' briefing has clarified that this was unintended and that they

---

[3] Both parties agree that the amount in controversy requirement has been satisfied since Plaintiffs' seek to enforce a $250,000 judgment. *See* 28 U.S.C. 1332(a).

[4] Moreover, Plaintiffs' first paragraph in their prayer of relief seeks "Enforcement of the Judgment of $250,000 plus costs and interest." Compl. at 7.

3

1  are in fact seeking to enforce the judgment against Pacific Union.[5] Dkt. No. 6 at 4; Dkt. No. 14 at 3-
2  4; Dkt. No. 17 at 2 ("Thus, in order to allow Plaintiffs to exercise this right to add interest, fees and
3  costs to the judgment against PUREG, PUREG must be a party to the action.").

4         The second issue that the Court addresses is whether Plaintiffs' claim to enforce their
5  judgment against Pacific Union is actionable.  Defendants do not argue that such a claim is not
6  viable,  and the Court finds that it is.  *See* Cal. Civ. Proc. Code § 683.050 (1983) ("Nothing in this
7  chapter limits any right the judgment creditor may have to bring an action on a judgment, but any
8  action shall be commenced within the period prescribed by Section 337.5."); *Pratali v. Gates*, 4 Cal.
9  App. 4th 632, 635 (1992); 8 Witkin, Cal. Proc., Enforcement of Judgments § 436 (5th ed. 2008) (a
10 judgment creditor may properly prosecute an action on the judgment against a judgment debtor).

11        The last issue that the Court addresses is whether Plaintiffs may bring an action against a
12 defunct corporation, which according to Defendants, is the status of Pacific Union.  The Court finds
13 that this is permissible under the circumstances.  First, there is no evidence before the Court that
14 Pacific Union does not have assets, the ability to pay the judgment, or insurance, and — at this stage
15 of the proceedings — the Court must accept all of Plaintiffs' allegations against Pacific Union as true
16 (including that it is a viable corporation).  Moreover, case law supports that actions against dissolved
17 corporations may proceed under certain circumstances.  In *Penasquitos, Inc. v. Superior Court*, the
18 plaintiffs brought a construction defect action against two dissolved corporations.  53 Cal. 3d 1180,
19 1183 (1991).  The *Penasquitos* court allowed the action to move forward, concluding that California
20 Corporations Code § 2010 permits parties to sue such dissolved corporations.  *Id*. at 1190.[6]

---

[5] The Court is mindful of Federal Rule of Civil Procedure ("Rule") 1, which mandates that the Rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  Accordingly, rather than requiring Plaintiffs to amend their inartfully pled Complaint to clearly specify that they are seeking to enforce the judgment against Pacific Union, and then going through another round of briefing, the Court interprets Plaintiffs' inclusion of Pacific Union in the heading of their first cause of action as sufficient to state a claim against the dissolved corporation.

[6] Furthermore, Defendants reliance on *Nickerman* is misplaced.  In *Nickerman*, the court denied the plaintiff's motion to remand because the non-diverse defendant was fraudulently joined.

4

1    Accordingly, Plaintiffs have asserted a viable claim against Pacific Union, a non-diverse
2 party. Because there is no diversity jurisdiction in this matter, the Court lacks subject matter
3 jurisdiction and consequently GRANTS Plaintiffs' Motion (Dkt. No. 6) and REMANDS this action
4 to SFSC.

5    Plaintiffs' request for attorneys' fees and costs in connection with their Motion to Remand is
6 DENIED. Plaintiffs did not raise this issue in their moving papers; therefore, the Court does not need
7 to consider the matter. Even if the Court did consider it, Defendants had "objectively reasonable
8 grounds to believe the removal was legally proper" since Plaintiffs' Complaint did not clearly state
9 whether they were actually seeking relief from Pacific Union. *See Martin v. Franklin Capital Corp.*,
10 546 U.S. 132, 135 (2005). Plaintiffs could have avoided removal if they would have artfully pled
11 their allegations against Pacific Union in their Complaint. By failing to do so, Plaintiffs bear the
12 burden of having to incur the expenses associated with their Motion to Remand. *See Nelsen v.*
13 *PeoplePC Inc.*, 2007 WL 1574765, at *1 (N.D. Cal. May 30, 2007) ("The court, however, finds that
14 defendant had an objectively reasonable basis for seeking removal, and denies Plaintiff's request for
15 attorney's fees and costs.").

16    **IT IS SO ORDERED.**

18 Dated July 31, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

*Nickerman v. Remco Hydraulics, Inc.*, 2006 WL 2329516, at *4 (N.D. Cal. Aug. 9, 2006). The court held that the non-diverse defendant was a sham defendant because it did not have any assets nor relevant insurance policies. *Id.* at 12. However, as Plaintiffs correctly point out, this matter may be distinguished from *Nickerman* since there is no evidence here that Pacific Union has no assets and insurance policies. *See* Dkt. No. 14-1, Mark Meyer Decl. (providing that Pacific Union has insurance policies as well as enough assets to hire counsel to litigate this matter).

5